# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Capital Habeas Unit

FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

**ELLEN T. GREENLEE**
DEFENDER

PHONE NUMBER (215) 928-0520
FAX NUMBER    (215) 928-0826
FAX NUMBER    (215) 861-3508

**MAUREEN KEARNEY ROWLEY**
CHIEF FEDERAL DEFENDER

January 7, 2009

Marcia M. Waldron, Clerk of Court
United States Court of Appeals for the
  Third Circuit
21400 United States Courthouse
601 Market St.
Philadelphia, PA  19106-1790

Re:        *United States v. Hammer*, No. 06-9000 & 06-9001

### SECOND NOTICE OF SUPPLEMENTAL AUTHORITY
### PURSUANT TO FED. R. APP. P. 28

Dear Ms. Waldron:

Pursuant to Fed. R. App. P. 28(j), we hereby submit supplemental authorities

relating to the jurisdictional question before the Court.

On December 24, 2008, the Fourth Circuit issued *United States v. Stitt*, No. 07-

21, 2008 WL 5377687 (Attachment A).  This opinion notes that "[t]he Government

. . . contends that, under § 2255, the district court was not permitted to resentence Stitt

without calling a new sentencing jury."  Attachment A at 10; *accord* Brief of the

United States at 22, *United States v. Stitt*, No. 07-21 (4th Cir. 2007) (Attachment B) ("The district court did not have discretion under 28 U.S.C. § 2255 to refuse to empanel a new capital sentencing jury."). The Government's position in *Stitt* squarely contradicts its position in this case that courts lack authority to impanel sentencing juries in proceedings under § 2255 and that therefore grants of new penalty proceedings are immediately appealable, *see* Response of the United States Concerning Appellate Jurisdiction at 6-9, *United States v. Hammer*, No. 06-9000 (3d. Cir. Sept. 6, 2006). The Fourth Circuit held that "the district court erred by concluding that it lacked the statutory authority to convene a new sentencing jury." Attachment A at 22.

Hammer also directs the Court's attention to 18 U.S.C. § 3593 (2008) (Attachment C). Contrary to the Government's assertion that a capital sentencing hearing is a "new trial" within the meaning of § 2255(b), § 3593 repeatedly and exclusively refers to a capital resentencing proceeding as a "sentencing hearing" or "hearing," while using the term "trial" exclusively to refer to the guilt phase proceeding. Contrary to the Government's assertion that § 2255 courts lack authority to impanel sentencing juries, § 3593 provides without limitation that a judge shall conduct a capital sentencing hearing before a jury impaneled for the purpose of the hearing if reconsideration of the sentence is necessary, § 3593(b)(2)(D).

Together with *Andrews v. United States*, 373 U.S. 334 (1963), and *United*

2

*States v. Stitt*, 459 F.3d 483 (4th Cir. 2006), the attached authorities demonstrate that

this Court lacks jurisdiction to hear the Government's appeal from the district court's

order granting a new capital sentencing hearing.


Respectfully,

/s/ Matthew Stiegler

Matthew Stiegler
Assistant Federal Defender
Signing for All Counsel


cc:    Gwynn X. Kinsey, Jr.